UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-CV-23897-GAYLES/TURNOFF

**CORY CLEVELAND** and **ANN CLEVELAND**, his wife,

   Plaintiffs,

v.

**KERZNER INT'L RESORTS, INC.**, *et al.*,

   Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** came before the Court on Defendants Kerzner International Resorts, Inc., Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, Paradise Island Limited, and Brookfield Asset Management, Inc.'s Motion to Dismiss [ECF No. 14]. The Court has carefully reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons set forth below, the Defendants' Motion to Dismiss is granted.

## BACKGROUND[1]

Plaintiffs Cory Cleveland ("Mr. Cleveland") and Ann Cleveland ("Mrs. Cleveland"), residents of Illinois, vacationed with their family at the Atlantis Paradise Island Resort ("Atlantis") in The Bahamas in January 2014. [ECF No. 1 at ¶¶ 2 & 34]. On or about January 10, 2014, Mr. Cleveland was involved in an accident while riding in an inner tube on a river ride at Atlantis. [*Id.* at ¶¶ 34–38]. As a result of the accident, Mr. Cleveland collided with the concrete, landed on his head, and suffered injuries to his head, neck, and body, for which he has required

---

[1] The Court takes the allegations from the Complaint [ECF No. 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

extensive medical treatment. [*Id.* at ¶ 38]. Plaintiffs bring various claims against Defendants for negligence and vicarious liability, seeking damages in the form of medical expenses, pain and suffering, disability and physical impairment, emotional distress, and loss of companionship, among other losses. [*Id.* at ¶¶ 39–74].

Defendant Kerzner International Resorts, Inc., is a Florida corporation. [ECF No. 1 at ¶ 10]. Defendant Brookfield Asset Management, Inc., is a Canadian company. [*Id.* at ¶ 23]. The remaining four Defendants, Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited, are all Bahamian companies. [*Id.* at ¶¶ 4, 9, 12, 14]. All six Defendants jointly filed this Motion to Dismiss on February 20, 2015, moving the Court to dismiss the complaint with prejudice pursuant to a valid forum selection clause and the doctrine of *forum non conveniens*. [ECF No. 14 at 1]. In support of their motion, Defendants have provided the Court with additional information regarding Mr. and Mrs. Cleveland's reservation and stay at Atlantis.[2]

In November 2013, Mr. and Mrs. Cleveland made reservations for a vacation in The Bahamas through Viking Travel Service, located in Naperville, Illinois. [ECF No. 26-4 at 6–24]. Viking Travel Service is an agent for Funjet Vacations, the vendor for Mr. and Mrs. Cleveland's vacation. [*Id.* at 22]. Funjet Vacations, in turn, is part of a Net Rate Agreement between Defendant Kerzner International Resorts, Inc., and Mark Travel Corp. [ECF No. 14-1 at 7–10; ECF No. 26-2 at 2]. Section 17.2.3 of that Net Rate Agreement provides that the client-guests of Funjet Vacations at Atlantis "will be asked to sign a form agreeing . . . to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever" against Atlantis. [ECF No. 14-1 at 9].

---

[2]   In considering a motion to dismiss pursuant to *forum non conveniens*, "the Court may, in deciding Defendants' motion, consider facts alleged by Defendants in their moving papers and by Plaintiffs in response, in addition to the facts alleged by Plaintiffs in the Complaint." *Dabbous v. Am. Exp. Co.*, No. 06 CIV.11345(DAB), 2009 WL 1403930, at *3 n.1 (S.D.N.Y. May 8, 2009).

Upon check-in at Atlantis on January 8, 2014, Mr. and Mrs. Cleveland both signed an "ACKNOWLEDGEMENT, AGREEMENT AND RELEASE" ("Agreement"), which contained a forum-selection clause stating the following: "I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, *I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever*." [ECF No. 14-3] (emphasis added). The signatures of both Cory Cleveland and Ann Cleveland appear on the executed copy of the agreement, which cautions the signors to "READ BEFORE SIGNING" in bold at the top of the page. [*Id.*].

## DISCUSSION

The Supreme Court has stated that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). In a typical case, a court evaluates a *forum non conveniens* motion by considering whether 1) an adequate alternate forum is available; 2) private interest factors favor the alternate forum, with a strong presumption in favor of Plaintiffs' initial choice of forum; 3) public interest factors favor the alternate forum; and 4) Plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice. *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009). "The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atl. Marine*, 134 S. Ct. at 581. When there is a valid forum-selection clause,

the court's *forum non conveniens* analysis changes in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) the court "should not consider arguments about the parties' private interests"; and (3) the choice-of-law rules of the original venue are not transferred to the new venue—"a factor that in some circumstances may affect public-interest considerations."[3] *Id.* at 581–82 (citing *Piper Aircraft*, 545 U.S. at 241 n.6). "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *See id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine* outlined above. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *See Wilson*, 590 F.3d at 1269 (citing *Aldana v. Del Monte Fresh Product, N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009).

### A) The forum-selection clause here is valid and enforceable.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v.*

---

[3] This third factor is essentially irrelevant to the current case, as this is a motion to dismiss based on *forum non conveniens*, not a motion to transfer venue under 28 U.S.C. § 1404(a) as in *Atlantic Marine*. Additionally, Bahamian law would apply whether this case were tried in this District or in a Bahamian court. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980) (the law of the state in which both the injury and the conduct causing the injury occurred is, in most cases, applicable law).

*Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972)). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.* (citations omitted).

In determining whether there was fraud or overreaching in a non-negotiated forum-selection clause, courts must determine whether the clause was "reasonably communicated to the consumer." *Id.* The Eleventh Circuit has adopted a two-part "reasonable communicativeness" test for this analysis. *Id.* The Court looks first to the clause's physical characteristics to determine whether the forum-selection clause was hidden or ambiguous, and second to "whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." *Id.*

Regarding the first part of the test, the Eleventh Circuit in *Krenkel* has already found that the forum-selection clause in question was "not hidden or ambiguous." *Id.* The form in *Krenkel*, like the one signed my Mr. and Mrs. Cleveland here, was written on one page, contained only eight paragraphs, and advised the signor to "READ BEFORE SIGNING." *Id.* at 1281–82. The paragraph containing the forum-selection clause began with the words "I agree" and contained plain language that gave sufficient notice to Mr. and Mrs. Cleveland that they "were agreeing to litigate any disputes that might arise from their visit in The Bahamas." *See id.*; [ECF No. 14-3]. As the Eleventh Circuit has previously determined that the same or substantially similar forum-selection clause was "not hidden or ambiguous," this Court finds that the form signed by Mr. and Mrs. Cleveland likewise satisfies the first prong of the test. *See Krenkel*, 579 F.3d at 1281–82.

The second part of the test is satisfied here as well, as Mr. and Mrs. Cleveland were meaningfully informed of the forum-selection clause and had the ability to reject its terms. Mr.

5

and Mrs. Cleveland had constructive notice of the terms and conditions of the Atlantis Resort through their travel agent as well as actual notice at the time of check-in when they read and signed the Agreement. In a similar case, the Eleventh Circuit determined that a party has constructive notice where "[t]he travel agent, via its contract with the resort, knew that the attendees at the resort were subject to certain additional terms and conditions, agreed to notify their clients regarding the terms and conditions, and knew where to obtain the specific terms and conditions." *McArthur v. Kerzner Intern. Bahamas Ltd.*, 607 Fed. App'x 845, 847–48 (11th Cir. 2015). It is well settled that when plaintiffs make travel arrangements through the use of a travel agent, "they are charged with constructive notice of the terms and conditions in the contract the travel agent had with the Atlantis Resort." *See id.* at 848; *see also Warrick v. Carnival Corp.*, No. 12-61389-CIV, 2013 WL 3333358, at *12 (S.D. Fla. Feb. 4, 2013) (quoting *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 360 n.1 (S.D.N.Y.2004)) ("It is settled law that travel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession.").

Here, Mr. and Mrs. Cleveland made their travel arrangements through the use of a travel agent at Viking Travel Service, who in turn was an agent for Funjet Vacations, the vendor for Mr. and Mrs. Cleveland's vacation to Atlantis. [ECF No. 16-4 at 22]. Funjet Vacations, through its agreement with Kerzner International Resorts, Inc., had knowledge of the forum-selection clause in question. [ECF No. 14-1 at 7–10; ECF No. 26-2 at 2]. Therefore, Mr. and Mrs. Cleveland had notice—constructive notice—of the forum-selection clause before their vacation and were free to reject it "with impunity." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *see Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1261 (S.D. Fla. 2001); *see also Barilotti v. Island Hotel Co.*, No. 13-23672-CIV-MORENO, 2014 WL

6

1803374, at *5 (S.D. Fla. May 6, 2014) ("Plaintiffs are charged with constructive knowledge of the terms and conditions of the Guest Registration, and cannot properly claim that they were first informed of the existence of the Forum–Selection Clause a[t] check-in.").

Additionally, by signing the Agreement at check-in, Mr. and Mrs. Cleveland indicated that they read and agreed to the forum-selection clause in the fourth paragraph. *See McArthur*, 607 Fed. App'x at 848. Mr. and Mrs. Cleveland could have rejected the forum-selection clause before check-in—by not proceeding with their vacation at Atlantis—or at check-in by rejecting the specific terms in the Agreement.[4] Accordingly, the Court concludes that the forum-selection clause here is valid and enforceable.

The Court also finds that the other three factors for invalidating a forum-selection clause are not present here. As explained below, Mr. and Mrs. Cleveland will not be deprived of their day in court because they can bring their case in a court of The Bahamas, which is also capable of conducting hearings at the Bahamian consulate in Miami, Florida, and the Defendants have stipulated that they are subject to the jurisdiction of the Bahamian court. Bahamian law provides for remedies in negligence cases, as discussed in the following section. Additionally, for the reasons articulated above, the Court finds that the forum-selection clause in this case does not contravene public policy.

---

[4] Defendants presented the Declaration of Ruth Neily, Director of Room Operations and Training and Audit at Atlantis, who asserted that Mr. and Mrs. Cleveland could have modified the Agreement before signing at check-in: "All guests over the age of 18 years of age are required to sign the guest registration card; however, any portion of the guest registration card, with the exception of the payment requirements, may be modified or crossed out without penalty. *It is a longstanding hotel policy to allow guests to strike out the forum selection clause on the guest registration card.* Agents are trained to accept such permissible changes." [ECF No. 14-3 at ¶¶ 1, 3 & 6] (emphasis added). Plaintiffs respond that this "secret intention" to allow guests to delete the forum-selection clause was never communicated to them or their travel agents. [ECF No. 22 at 11–12]. However, this alleged lack of communication regarding possible modifications to the guest registration card does not change the constructive notice analysis provided above.

### B) The Bahamas is an adequate alternative forum.

The next step in the *forum non conveniens* analysis is "whether an adequate alternative forum exists which possesses jurisdiction over the whole case." *C.A. La Suguridad Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). The forum must be both available and adequate, which are separate issues. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001); *see Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009). The Southern District of Florida has found The Bahamas as both an available and adequate alternate forum in similar cases. *See, e.g., Sun Trust Bank*, 184 F. Supp. 2d at 1263; *Barilotti*, 2014 WL 1803374, at *7.

A foreign forum is available if it is able to assert jurisdiction over the action and if the parties will not be deprived of remedies or treated unfairly. *See Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1376 (S.D. Fla. 2011). However, the forum is still "available" even if it does not provide the same benefits as courts in the United States. *See id.* (citing *Piper Aircraft*, 454 U.S. at 255 n.22). A defendant may usually meet its burden of demonstrating an available forum by indicating it is amenable to service of process or consenting to jurisdiction in the foreign forum. *See Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. App'x 860, 865 (11th Cir. 2007). In their Motion, Defendants assert that "all of the relevant Defendants are Bahamian corporations headquartered in Paradise Island, The Bahamas" and are, therefore, "amenable to service of process in The Bahamas." [ECF No. 14 at 17]. Additionally, the Bahamian legal system "allows access to evidence, relevant sites, and witnesses, recognizes actions based on common law negligence, and supports enforcement of judgments." [*Id.*]; *see also Sun Trust Bank*, 184 F. Supp. 2d at 1263 ("[T]he Bahamian law is derived from English common law and recognizes theories of negligence."). Accordingly, the Court finds The Bahamas is an available forum.

A forum is considered adequate if it can provide relief to a plaintiff, as "[a] remedy is *inadequate* when it amounts to *no remedy at all*." See *Aldana*, 578 F.3d at 1290 (internal citations omitted) (emphasis added); *see Tyco*, 218 Fed. App'x at 865. The substantive law of the foreign forum need not be as favorable to the plaintiff as the law of the plaintiff's chosen forum. *Tyco*, 218 Fed. App'x at 865 (citing *Piper Aircraft*, 454 U.S. at 247). "[T]he mere fact that the alternative forum does not provide for contingent fee agreements, operates under different procedures, is less substantively generous, or lacks jury trials, does not render that forum inadequate." *Sun Trust Bank*, 184 F. Supp. 2d at 1263 ((citations omitted). Plaintiffs contend that they "do not have the financial means with which to litigate this case abroad." [ECF No. 22 at 13]. Specifically, given the additional costs, Mr. Cleveland contends that if this Court imposes a requirement to litigate the case in The Bahamas, "he will be unable to seek redress for his injuries and it will act as an adjudication on the merits."[5] [*Id.* at 19]. Defendants assert that there is "affordable counsel" in the Bahamas and that to the extent that Mr. and Mrs. Cleveland's witnesses are unwilling to travel to the Bahamas, "Bahamian courts will make necessary accommodations so to ensure a fair trial."[6] [ECF No. 14 at 20–21]. Mr. and Mrs. Cleveland's "generic averments of financial hardship and inconvenience are insufficient to specifically show that litigating in The Bahamas will be so gravely difficult and inconvenient that [they] will, for

---

[5] Mr. and Mrs. Cleveland, residents of Illinois, have chosen Miami—over a thousand miles from their home—as the forum for the case. Given the availability of conducting Bahamian court hearings in Miami, *infra* note 5, as well as the relatively close distance of The Bahamas to Miami, they have failed to demonstrate how the costs render their claims impossible to litigate in the Bahamas but possible to litigate in Florida. *See Morrone v. Sun Int'l Hotels, Ltd.*, No. 05-61600-CIV, 2006 WL 6842082, at *4 (S.D. Fla. Sept. 22, 2006) ("As such, by choosing Miami as the forum in which to litigate—a forum over a thousand miles from Plaintiff and his witnesses' residences in New Jersey—any additional burden of traveling to the Bahamas is necessarily marginal in comparison. . . . Put differently, if Plaintiff and his witnesses can travel from New Jersey to Miami without inconvenience, then they cannot be heard to complain, nor have they offered any evidence to show, that travel to the Bahamas is unduly burdensome.").

[6] Defendants presented the Declaration of Ferron J. M. Bethell, a Partner in a law firm in the City of Nassau, The Bahamas. Mr. Bethell asserts that "it is possible for the judge and the attorneys in a case pending in The Bahamas to travel to Miami and convene the Supreme Court of The Bahamas at the Bahamian Consulate and to take witness testimony there. . . . Thus, the testimony of any witnesses who did not wish to travel to [T]he Bahamas could be taken in Florida in proceedings conducted at the Bahamian Consulate in Miami." [ECF No. 14-4 at ¶ 3].

all practical purposes, be deprived of [their] day in court." *See Sabino v. Kerzner Int'l Bahamas Ltd.*, No. 12-22715-CIV, 2014 WL 7474763, at *6 (S.D. Fla. Jan. 10, 2014).

Defendants further assert that the statute of limitations for negligence claims in The Bahamas is three years from the date of the accident. [ECF No. 14 at 24]. Therefore, Mr. and Mrs. Cleveland have until January 2017 to file their claims in the appropriate Bahamian forum. Defendants further provide that they will "consider agreeing to any reasonable conditions the Court may deem necessary to reinstate action in The Bahamas."[7] [*Id.* at 24 n. 19]. Accordingly, the Court finds The Bahamas is an adequate alternative forum.

### C) The public interest factors under the modified *forum non conveniens* analysis of *Atlantic Marine* balance in favor of dismissal.

As noted above, the Court must apply the modified *forum non conveniens* analysis because a valid forum-selection clause exists in this case. Under the modified *forum non conveniens* analysis, Mr. and Mrs. Cleveland's choice of the Southern District of Florida merits no weight, the Court does not consider arguments about the parties' private interests,[8] and the

---

[7] Accordingly, this case will be dismissed without prejudice. Should Plaintiffs find themselves unable to assert their claims in The Bahamas on account of Defendants' actions in refusing to waive any jurisdictional or statute of limitations defenses which may be available under Bahamian law, Plaintiffs will be able to return to this Court to re-file their case.

[8] This case merits dismissal even if this Court conducts the traditional *forum non conveniens*, in which the Court primarily considers the private interest factors of the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). The Court, when balancing these factors, must be mindful of the strong presumption in favor of a plaintiff's choice of forum. *See Gulf Oil*, 330 U.S. at 508; *Piper Aircraft*, 454 U.S. at 255.

Here, the evidence of the incident and the corresponding evidence of Mr. Cleveland's hospital care are outside of this District. [ECF No. 14 at 19–20]. Mr. Cleveland sustained his injuries in The Bahamas. Mr. Cleveland was treated for his injuries in The Bahamas and in Illinois. The bulk of the evidence, including the physical evidence from the ride, is located in The Bahamas. This fact tips the scales in favor of dismissal. Additionally, a Bahamian court will take testimony out of the Bahamian consulate in Miami for those witnesses unable to travel to the Bahamas. *See supra* note 5.

The second factor, availability of compulsory process for unwilling witnesses, favors dismissal. The majority of the witnesses, including Atlantis employees and hospital medical staff, are all located in The Bahamas. This Court is unable to compel the attendance of Bahamian witnesses who are foreign nationals for trial in Florida. *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1325 (S.D. Fla. 2008) (applying the doctrine and dismissing action because critical witnesses resided in the Dominican Republic and the court could not compel the testimony of such witnesses). Furthermore, other witnesses in this case will have relatively the same inconvenience of traveling to

10

Court does not apply Florida choice-of-law rules, but rather Bahamian choice-of-law rules would apply. *See Atl. Marine,* 134 S. Ct. at 581–82; *see Barilotti*, 2014 WL 1803374, at *7.

In analyzing a motion to dismiss for *forum non conveniens* with a valid forum-selection clause, the Court may only consider arguments about public-interest factors. *Atl. Marine,* 134 S. Ct. at 582; *see also Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 Fed. App'x 962, 964 (11th Cir 2014) ("[T]he burden is on the plaintiff to show that dismissal of the complaint is unwarranted, and a court may weigh only public interest factors in determining if a plaintiff has met this burden."). While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine,* 134 S. Ct. at 582, the Court will still consider the following public interest factors: "the administrative difficulties flowing from court congestion; the local interest in have localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6.

The Southern District of Florida has one of the busiest dockets in the country; therefore, the administrative burden for a matter with little connection to Florida is a concern. The incident took place in The Bahamas, and Plaintiffs are Illinois residents. The only connection to Florida is that one of the six Defendants is a Florida corporation. This simply is not enough to justify

---

the Bahamas as they would of traveling to Miami. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 107 (2d Cir. 2000) ("For any nonparty witnesses, the inconvenience of a trial in New York is not significantly more pronounced than the inconvenience of a trial in England.").

The third factor, the costs and inconvenience of obtaining the attendance of willing witnesses, balances evenly for the parties in this case.

The fourth factor, the ability of the jury to view the accident scene, also supports dismissal. The accident occurred in The Bahamas at Atlantis, where a jury visit to the accident scene may be necessary. However, this Court cannot transport jurors internationally. As a result, this factor weighs in favor of dismissal. *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) (finding that dismissal is warranted if a visit to the accident scene might be necessary due to the nature of the allegations in the complaint). Viewed together, the private interest factors clearly outweigh Plaintiffs' choice of forum and support a dismissal based on the traditional *forum non conveniens* analysis.

keeping the case in this district. Indeed, the action would be an unfair burden on the state of Florida and this district. Plaintiffs' claims involve very little—if any—association to Florida. As a result, Florida jurors would have to make findings about an incident in The Bahamas concerning Illinois residents.

Plaintiffs assert that the United States and Florida have interests in the litigation, as this is an action between a U.S. citizen and Defendants that do "extensive business here, in Florida, the United States and abroad." [ECF No. 22 at 20]. Plaintiffs add that "this country and its citizens certainly have a significant interest in determining that resort operators, such as Kerzner Defendants, take reasonable steps to ensure the safety of their guests." [*Id.*]. While the United States a whole may have an interest in the safety of its vacationing citizens,[9] Plaintiffs urge this Court to incorrectly apply the public-interest test.[10] The relevant test here is the public interest of litigating the case in the Southern District of Florida. *See Pappas*, 585 Fed. App'x at 967 ("The facts that the [plaintiffs] are American citizens (albeit of New Jersey, not Florida) and that Kerzner is headquartered within the Southern District of Florida do not overcome the Bahamas [sic] undisputed strong interest in the case.").

In addition, Bahamian law will govern this action. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980) (the law of the state in which both the injury and the conduct causing the injury occurred is, in most cases, applicable law). If the action were to stay in Florida, this Court would have to interpret Bahamian law, including any particularities of Bahamian negligence law. Any interpretation would require the use of expert testimony

---

[9] The Eleventh Circuit has recognized that there is a "federal interest in ensuring that, as a general rule, United States citizens have access to the courts of this country for resolution of their disputes. There is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1311 (11th Cir. 2002).

[10] If Plaintiffs had filed this case in the Northern District of Illinois, or had shown a more direct relation to the Southern District of Florida, the public-interest analysis may have balanced differently.

12

regarding substantive Bahamian law. The increased expense and administrative burden on the Court is yet another factor supporting dismissal.

The Bahamas, however, likely has a compelling interest in adjudicating this case. *See, e.g., Miyoung Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171-CIV, 2008 WL 4186979, at *11 (S.D. Fla. Sept. 5, 2008) ("The Commonwealth of the Bahamas has the strongest interest in protecting tourists and visitors from the conduct of its own citizens."). "This is inherently a local interest of Bahamian concern, all the more so given that tourism is the single largest industry in the Bahamas and the Atlantis is the largest hotel and single largest employer in the Bahamas." *Morrone*, 2006 WL 6842082, at *5; *see also Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290-CIV-KING, 2002 WL 34576251, at *3 (S.D. Fla. Feb. 5, 2002) ("The tourism industry is vital to the Bahamas, and the Bahamas has an interest in regulating the conduct of the Bahamian Defendants and the duty under Bahamian law that they owe visitors to the Atlantis Resort—the largest resort on the islands."). Accordingly, the Court finds that the public interest factors weigh in favor of dismissal and having this action tried in The Bahamas.

### D)     **Plaintiffs can reinstate their suit in The Bahamas.**

Defendants have declared that they are subject to the jurisdiction of a Bahamian court in this matter and that the statute of limitations has not expired. As a result, the Court finds that Plaintiffs can reinstate their suit without undue prejudice or inconvenience. *See Wilson*, 590 F.3d at 1272.

### CONCLUSION

Plaintiffs Mr. and Mrs. Cleveland were notified of Atlantis's policies prior to their trip and signed a valid and enforceable forum-selection clause upon their check-in to Atlantis. The Court has weighed all of the factors in the modified *forum non conveniens* analysis under *Atlantic Marine*. The Bahamas is an available and adequate forum for this action, the public

interest factors strongly support dismissal, and Plaintiffs can reinstate their suit in The Bahamas without undue inconvenience or prejudice.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss **[ECF No. 16]** is **GRANTED**.  This cause is **DISMISSED without prejudice** and Plaintiffs are directed to (1) file this action in The Bahamas within sixty (60) days of the date of this Order and (2) seek reconsideration of this Order if Defendants refuse to waive any jurisdictional or statute of limitations defenses which may be available to Defendants under Bahamian law.  It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record